In re Cheryl Harmon BANNOURAH,
Debtor.

Bankruptcy No. 95–2951–7.

United States Bankruptcy Court,
S.D. Indiana.

Oct. 30, 1996.

Gary Hostetler, Indianapolis, IN, for debtor.

John J. Petr, Indianapolis, IN.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor, who was the beneficiary of her husband's life insurance policy, may exempt the proceeds of the life insurance policy pursuant to Indiana Code Section 27–1–12–14(c).

The Debtor, Cheryl Harmon Bannourah, is 38 years old. She has a 4½ year old son, Michael. The Debtor's husband, who died in November 1993, named the Debtor as the beneficiary of a life insurance policy. The Debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code in 1995. She amended her schedule of exemptions on January 29, 1996, to claim an exemption in her deceased husband's life insurance policy. The Trustee filed an objection to the claim of exemption on February 20, 1996. The Court's resolution of the objection was put on hold while the Indiana Supreme Court considered the constitutionality of the Indiana exemption for life insurance. The Indiana Supreme Court announced its decision on this issue on August 7, 1996, in *Citizens National Bank of Evansville v. Foster,* 668 N.E.2d 1236 (Ind.1996).

 The Indiana Constitution affords the legislature the discretion to fashion "wholesome laws" which will allow a debtor to exempt "a reasonable amount of property" so that the debtor may "enjoy the necessary comforts of life". Indiana Constitution, Article I, Section 22. Indiana Code Section 27–1–12–14(c) provides that life insurance poli-

cies naming the insured's spouse as the beneficiary are "free and clear from all claims of the creditors of such insured person or of the person's spouse". The issue presented in *Foster* was whether the exemption for a life insurance policy violated the Indiana constitution because it provided for an unlimited amount rather than a reasonable amount of an exemption in a life insurance policy. Citing its prior decision in *Matter of Zumbrun*, 626 N.E.2d 452 (Ind.1993), the Indiana Supreme Court found the exemption for life insurance policies to be "constitutionally suspect" because it does not limit the exemption, either directly or by reference. Nevertheless, the court found that the failure to identify an upper limit, standing alone, was not dispositive. The court indicated that it would be necessary to "delve into the admittedly murkier waters of reasonable necessity". The court found that the statute itself is not unconstitutional if applied to small amounts built up over time. However, "substantial sums closeted in anticipation of bankruptcy do not fit with the 'necessary comforts of life' purpose of the Indiana Constitution". Therefore, a debtor claiming the life insurance exemption must prove "that the exemption is required to afford the 'necessities of life'".

The Debtor in this case has demonstrated that the life insurance policy is related to the necessities of life. The Debtor is a high school graduate and has a jewelry certification. Her principal source of income is monthly social security benefits of $1152. In addition, she makes $100 to $200 a month in the jewelry business. Since the filing of the bankruptcy petition the Debtor has incurred $3000 in medical expenses for her son's tonsillitis.

Howard Gross, a certified public accountant and certified financial planner, calculated the Debtor's projected expenditures for the necessities of life over the next 18 years. He began with the following monthly expenses for the Debtor:

| Home mortgage payment | $750 |
|---|---|
| Electricity and heating fuel | 100 |
| Water and sewer | 15 |
| Telephone | 60 |
| Homeowner's Association payment | 20 |
| Home maintenance | 50 |
| Medical and dental expenses | 40 |
| Transportation (not including car payment) | 70 |
| Homeowner's insurance | 33 |
| Life insurance | 85 |
| Health insurance | 120 |
| Auto insurance | 80 |
| Child care expenses | 450 |
| Car payment | 350 |
| College expenses | |
| National standard expenses | 707 |

The national standard expenses are taken from Internal Revenue Service Form 433-A.6 and includes clothing and clothing services, food, housekeeping supplies, personal care products and services, and miscellaneous. Mr. Gross' calculations included a decrease in child care expenses when Michael turns eight and the elimination of them when he reaches the age of eighteen. Mr. Gross calculated child support expenses until Michael completes four years of college. Mr. Gross assumed that the home mortgage payment, life insurance, and car payment would remain the same, and he applied a 3% inflation rate to the remaining expenses. Over an eighteen year period, Mr. Gross calculated that the Debtor would have expenses totalling $719,419, and total income of $323,681, thereby resulting in a deficiency of $395,738. The present value of $395,738 is $289,707.

The amount of life insurance proceeds at issue in this proceeding is $200,000. However, the insurance company has denied coverage, and the matter is currently in litigation in the state court. After deducting attorney's fees and litigation costs, it is clear that the Debtor will realize substantially less from the life insurance proceeds than Mr. Gross calculates will be necessary for the Debtor's necessities of life. Under these circumstances, the Court finds that the entire life insurance policy is exempt because it is related to the Debtor's necessities of life.

For the foregoing reasons, the Trustee's Objection to Debtor's Exemption of her husband's life insurance policy is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the Trustee's Objection to Debtor's Exemption of her husband's life insurance policy be and is · hereby denied.